GEORGE H. MARTIN ET AL.

v.

ROBERT DUNCAN.

*Fraudulent Sales—Stock of Goods.*

In the case presented, this court holds, in view of the evidence, that a certain stock of goods was not sold to a third person with the fraudulent

int°nt to hinder and delay creditors of the seller, and that the change of possession thereof was sufficient.

[Opinion filed May 25, 1893.]

Appeal from the Circuit Court of La Salle County; the Hon. George W. Stipp, Judge, presiding.

Messrs. Smith, Helmer & Moulton, Rector C. Hitt and A. T. Lardin, for appellants.

Messrs. Samuel Richolson, M. T. Moloney and William L. Seeley, for appellee.

Mr. Justice Harker. Appellants, creditors of one George W. Duncan, sued out a writ of attachment from the Circuit Court, and had it levied upon a stock of goods in the possession of appellee, Robert Duncan. Appellee interpleaded, claiming the goods by virtue of a bill of sale from George W. Duncan. A trial was had upon the issues raised by a traverse of the interpleader, which resulted in a verdict and judgment for appellee. Appellants seek a reversal of the judgment because, first, the alleged transfer of the stock of goods from George W. Duncan to Robert Duncan was entered into with fraudulent intent, to hinder and delay creditors; and, second, there was such absence of change of possession as rendered void the alleged conveyance so far as concerned creditors of George W. Duncan.

The testimony was confined almost entirely to that of appellee. It shows that in 1885 he loaned George W. Duncan $436; that he subsequently loaned him different sums, amounting to $554; that he also loaned him of his wife's money $380.95; that he entered his services as a clerk in his store at Ottawa, and that there was due him for wages in May, 1891, $850. It also appears from the evidence that appellee had charge of the store at Ottawa, his brother, George W. Duncan, not being a resident of the place. Being urged by his wife, he pressed his brother for a settlement and security for the money loaned and due him as wages.

This resulted in the execution of the bill of sale and a transfer of the stock of goods to appellee. We see nothing unreasonable in the testimony of appellee, and nothing in the record to warrant the conclusion that the transfer was made for the purpose of hindering and defrauding the creditors of George W. Duncan. He seems to have acted in the utmost good faith and with the sole purpose of securing the debts due him and his wife. This he had a right to do, although he knew at the time it would leave other creditors without property out of which to satisfy their claims.

Under the circumstances no great visible and actual change of possession was necessary. Appellee had for months been in sole control and management of the store, as the agent of his brother. After the purchase he took possession of the goods as owner which he had really had possession of as agent. There may have been no visible change to one unacquainted with the facts as far as his manual possession of goods was concerned. He changed the advertisements of the goods, notified the owner of the building where the goods were kept of his purchase, became his tenant by agreement, advertised the goods in his own name and refused to receive goods which had been shipped to George W. Duncan. In addition thereto appellants had actual notice of the sale and transfer of the goods before the levy of their attachment.

It is objected that appellants should have shown their right to attach the goods. The evidence to show indebtedness to appellants was excluded upon the objection of appellee, and he can not now claim that it was not made. But we think the interpleader and traverse thereto raised no issue but the title of appellee to the goods levied upon, and that it was incumbent upon him to show by a preponderance of the evidence his rightful ownership in them. If he recovered it was necessarily upon the strength of his own title.

Objections are urged to several of the instructions. They are in the main correct. But we are so well satisfied with the finding of the jury that we deem it unnecessary to consider them at length in this opinion.

The judgment will be affirmed.      *Judgment affirmed.*